IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BRANDON BACKNER and LEANDRA BACKNER as NATURAL PARENTS AND LINEAL
HEIRS TO ANNALIESE BACKNER (now deceased)

      Plaintiff,

v.

STEVEN LAWRENCE SHAW and GARFIELD COUNTY SCHOOL DISTRICT #16

      Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

**COME NOW,** Plaintiffs, Brandon Backner and Leandra Backner as Natural Parents and Lineal Heirs to Annaliese Backner (now deceased), by and through counsel Anderson Hemmat, LLC, and for their Complaint and Jury Demand against Defendants, state and allege as follows:

### INTRODUCTORY ALLEGATIONS

1.     Plaintiffs are individuals who are residents and domiciliaries of the City of Albuquerque, State of New Mexico, and are the parents and lineal heirs to Annaliese Backner (now deceased).

2.     Defendant Steven Lawrence Shaw (hereinafter referred to as "Defendant Shaw") was, at all times relevant, a public employee and resident and domiciliary of the City of Parachute, County of Garfield, State of Colorado, with an address of 51 Sumac Court, Parachute, Colorado 81635.

1

3.      Defendant Garfield County School District #16 (hereinafter referred to as "Defendant Garfield") is a public entity and maintains a business address of 0460 Stone Quarry Road, Parachute, Colorado 81635.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction.

5.      On March 3, 2022, Defendant Shaw was operating a motor vehicle (school bus) owned by Defendant Garfield while in the course and scope of his employment with Defendant Garfield in the City of Parachute, State of Colorado.

6.      At all relevant time periods herein, Defendant Shaw was acting in a capacity as a common carrier.

7.      At 7:23 a.m. that morning, Defendant Shaw had just begun to engage the accelerator following a scheduled stop for the pick up of school children located on Meadow Drive, in the City of Parachute, State of Colorado.

8.      As the school bus was then pulling away from this stop, eleven year old Annaliese Backner is observed on interior bus video surveillance running alongside the passenger side of the moving school bus.

9.      During the period of time when Annaliese Backner is seen on video running along the passenger side of the bus, Defendant Shaw continues driving and never glances at his passenger-side mirror.

10.     Video and eye-witness statements confirm that just before the injury and death that morning, bus occupants were vocalizing to the driver the presence of the child running along

the side of the bus. Defendant Shaw proceeds without reaction and without further attempts to check his passenger-side mirror.

11.     Annaliese Backner then loses her balance and falls onto the street.

12.     Despite Annaliese Backner being just feet away in what properly trained drivers are taught is the "danger zone," and despite bus occupants' vocal efforts, Defendant Shaw remained unaware of the child's presence until after the school bus back tire rolled completely over Annaliese Backner's small body, thereby causing the child profound injuries and near instant death.

13.     Plaintiffs properly and timely filed notice pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24-10-109, with Defendants, a government entity, as a jurisdictional prerequisite and waited the appropriate time required thereafter, and thus satisfied all conditions precedent prior to bringing the present action.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT SHAW
### (Wrongful Death)

14.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 13 in the Introductory Allegations.

15.     Plaintiffs assert wrongful death damages for the benefit of the Plaintiffs and against the Defendant in accordance with C.R.S. §§ 13-21-201 and 13-21-202.

16.     Defendant Shaw failed to exercise the highest degree of care and at least slightly, if not greatly, deviated from that degree of caution, care and diligence that a common carrier is required to maintain, and as such was negligent.

17.     As a direct and proximate result of the Defendant's negligence, Plaintiffs' damages arising out of the death of their daughter include grief, loss of companionship,

3

impairment of the quality of their life, inconvenience, pain and suffering, and emotional distress. Plaintiffs have also incurred and are entitled to recovery for reasonable funeral and burial expenses as well as net financial loss sustained by Plaintiffs due to the death of Annaliese Backner.

WHEREFORE, Plaintiffs pray for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT GARFIELD COUNTY SCHOOL DISTRICT #16
(Respondeat Superior)

18.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 17 in the Introductory Allegations and the First and Second Claims for Relief.

19.     At all times material hereto, Defendant Shaw was an agent and/or employee of Defendant Garfield and was acting within the course and scope of his agency representation and/or employment at the time of the subject accident.

20.     Defendant Garfield is bound by the actions and/or omissions of Defendant Shaw and is liable to Plaintiffs for their damages through the application of the doctrine of respondeat superior.

21.     As a direct, immediate, and proximate result of the Defendant Garfield's employee's conduct, Plaintiffs have been damaged as identified above.

22.     All damages to Plaintiffs are in the past, present, and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiffs pray for relief all is as more particularly hereinafter set forth.

WHEREFORE, on account of the matters set forth in the First Claim For Relief, Plaintiffs, Brandon Backner and Leandra Backner as Natural Parents and Lineal Heirs to

Annaliese Backner (now deceased), pray for a judgment in favor of the Plaintiffs and against Defendant, Steven Lawrence Shaw, pursuant to Colorado's Wrongful Death Act, C.R.S. § 13-21-201 et seq., in an amount which will fully compensate them for damages including grief, loss of companionship, impairment of the quality of their life, inconvenience, pain and suffering, and emotional distress. Plaintiffs have also incurred and are entitled to recovery for reasonable funeral and burial expenses as well as net financial loss sustained by Plaintiffs due to the death of Annaliese Backner.

WHEREFORE, on account of the matters set forth in the Second Claim For Relief, Plaintiffs, Brandon Backner and Leandra Backner as Natural Parents and Lineal Heirs to Annaliese Backner (now deceased), pray for a judgment in favor of Plaintiffs and against Defendant, Garfield County School District #16, in an amount which will fully compensate them for damages including grief, loss of companionship, impairment of the quality of their life, inconvenience, pain and suffering, and emotional distress. Plaintiffs have also incurred and are entitled to recovery for reasonable funeral and burial expenses as well as net financial loss sustained by Plaintiffs due to the death of Annaliese Backner.

**PLAINTIFFS DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**

Respectfully submitted this 7th day of July, 2022.

ANDERSON HEMMAT, LLC
*s/ Chad P. Hemmat. Esq.*

_____

Chad P. Hemmat, Esq.
5613 DTC Parkway, Suite 150
Greenwood Village, Colorado 80111
Phone Number:  303/782-9999
Fax Number:  303/782-9996
chad@andersonhemmat.com
Attorney for Plaintiff

5

<u>Plaintiffs' Address</u>:

10300 Golf Course Road NW, Apt. 1508
Albuquerque, New Mexico 870114